IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **CLIFFORD EARL COWART,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| vs. : | CIVIL ACTION NO. 7:03-CV-139 (HL) |
| : | |
| **Captain GONZALES,** *et. al.* : | |
| : | |
| **Defendants.** : | |
| _____ | |

### ORDER

Plaintiff **CLIFFORD EARL COWART**, initially filed the above styled civil rights complaint naming eighteen (18) defendants, including at least three "John Doe" defendants. Plaintiff filed a recast complaint on a new § 1983 form as ordered by the court. On June 3, 2004 this court entered an order dismissing plaintiff's complaint as frivolous. Plaintiff appealed said order and the Eleventh Circuit Court of Appeals affirmed in part and vacated in part.

In accordance with the order entered by the Eleventh Circuit the court finds that plaintiff's claims of retaliation and religious infringement against Captain Thomas Gonzales, Sergeant Payne, Counselor Flowers, Royce Dunaway, Counselor S. Wade (Kendrick), Correctional Officer Price, Larry Faust and Ted Philbin require further review. While it is by no means clear that plaintiff will ultimately prevail on the merits, construing the complaint liberally in favor of plaintiff this court concludes that plaintiff has made sufficient allegations to survive frivolity review.

Accordingly, it is **ORDERED AND DIRECTED** that service be made as provided by law upon said defendants.

**DUTY TO ADVISE OF ADDRESS CHANGE**

**IT IS FURTHER ORDERED** that during the pendency of this action, each party shall at

1

all times keep the Clerk of the court and all opposing attorneys and/or parties advised of his current address. **FAILURE TO PROMPTLY ADVISE THE CLERK OF ANY CHANGE OF ADDRESS MAY RESULT IN THE DISMISSAL OF A PARTY'S PLEADINGS!**

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. It is the responsibility of the parties to advise the court when this case is ready for trial; it will not be scheduled for trial absent a specific request from plaintiff or defendants.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court; to serve copies of all motions, pleadings, discovery, and correspondence (<u>including letters to the Clerk or to a judge</u>) upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions, pleadings, and discovery filed with the Clerk a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.). The Clerk will not serve or forward copies of such motions, pleadings, discovery and correspondence on behalf of the parties!

### DISCOVERY

**Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendant from whom discovery is sought by plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.** Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery

from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of plaintiff, a state prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that the failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

    **IT IS HEREBY ORDERED** that discovery (including depositions and interrogatories) shall be completed WITHIN 90 DAYS of the date of filing of an answer or dispositive motion by the defendant(s) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer and/or dispositive motion. The scheduling of a trial herein may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

    Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned also incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the court first obtained, interrogatories may not exceed twenty-five (25) to each party, requests for production of documents and things under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed ten (10) requests to each party, and requests for admissions under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed ten (10) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

    Dismissal of this action will not be considered by the court absent the filing of a separate

motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event, no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

**ELECTION TO PROCEED BEFORE THE**
**UNITED STATES MAGISTRATE JUDGE**

28 U.S.C. § 636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of the parties. After the filing of responsive pleadings by the defendants, the Clerk is directed to provide election forms to the parties and/or to their legal counsel, if represented.  Upon receipt of the election forms, each party shall cause the same to be executed and returned to the Clerk's Office within fifteen (15) days.  Counsel may execute election forms on behalf of their clients provided they have such permission from their clients. However, counsel must specify on the election form on whose behalf the form is executed.

**SO ORDERED**, this 22nd  day of July, 2005.


Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE


mh

# NOTICE TO ALL PARTIES

PURSUANT TO THE COURT'S ORDER REGARDING DISCOVERY SET OUT ABOVE, NO DISCOVERY SHALL BE PERMITTED IN THIS CASE UNTIL AN ANSWER OR DISPOSITIVE MOTION (e.g., MOTION TO DISMISS, MOTION FOR SUMMARY JUDGMENT, MOTION FOR JUDGMENT ON THE PLEADINGS) HAS BEEN FILED BY THE DEFENDANT(S).

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, DISCOVERY (DEPOSITIONS, INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, REQUESTS FOR ADMISSIONS, ETC., AND RESPONSES THERETO) SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT.  <u>NOTE THAT THIS IS A CHANGE IN THE PROCEDURE HERETOFORE FOLLOWED IN THIS DISTRICT.</u>

DO <u>NOT</u> FILE <u>ANY</u> DISCOVERY WITH THE COURT UNLESS YOU ARE SPECIFICALLY DIRECTED TO DO SO BY THE COURT OR UNLESS FILING IS NECESSARY TO SUPPORT OR CONTEST A MOTION TO COMPEL DISCOVERY, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION. THE CLERK IS DIRECTED TO RETURN ANY SUBMITTED DISCOVERY TO THE PARTY SUBMITTING IT UNLESS IT IS FILED PURSUANT TO AN ORDER OF THE COURT OR IN SUPPORT OF A MOTION TO COMPEL, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION.