IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| CLIFFORD EARL COWART, | : |
| Plaintiff, | : |
| VS. | : |
| | :     **7 : 03-CV-139 (HL)** |
| CAPTAIN GONZALES, et al., | : |
| Defendants. | : |

### RECOMMENDATION

Presently pending in this *pro se* prisoner § 1983 action are plaintiff's motion to amend his complaint and add an additional defendant (doc. 40), his motion for an injunction (doc 48), and several motions to amend his complaint (docs. 49, 50, 51, and 52).

*1. Plaintiff's Motion to Amend (doc. 40)*

Plaintiff wishes to add L.P.N. Gaskins to his lawsuit. Gaskins is a nurse at Valdosta State prison, and plaintiff claims Gaskins was deliberately indifferent to his serious medical needs by failing to follow through with prescribed medical treatment. Plaintiff states that Gaskins failed to follow his bottom bunk profile, despite his age of 64 years, his history of back and arthritic problems, and despite a permanent profile for such bottom bunk. Petitioner states that the systemic move from paper documented profiles to a new computer system resulted in his profile being deleted. He was informed to go to medical to re-establish his profile.

In January and February of 2004, plaintiff attempted to get the medical department to re-issue his bottom-bunk profile. Plaintiff was told by R.N. Mosely that L.P.N. Gaskins had denied his bottom bunk profile, and such was confirmed during the course of the filing of his grievance. Plaintiff's bottom-bunk profile was finally re-established in January of 2005, over one year after

his having raised the issue with the medical department.

Although plaintiff alleges that Gaskins is part of the conspiracy to punish him for the exercise of his constitutional right to free speech, this claim does not appear to relate back to the original complaint.

It is accordingly the RECOMMENDATION of the undersigned that plaintiff's motion to add L.P.N. Gaskins to this action be **DENIED**.

## 2. *Plaintiff's Motion for an Injunction (doc. 48)*

Plaintiff asserts that defendants intentionally delayed his receipt of legal mail, specifically an order denying the appointment of counsel, and requests that an injunction issue against defendants to refrain from delaying or otherwise tampering with his legal mail.

In order to obtain injunctive relief, a plaintiff must prove that: 1) there is a substantial likelihood that he will prevail on the merits; 2) he will suffer irreparable injury unless the injunction issues; 3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and 4) the injunction, if issued, would not be adverse to the public interest. Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985); Snook v. Trust Co. of Georgia Bank of Savannah, N.A., 909 F.2d 480, 483 (1990). Injunctive relief will not issue unless the conduct at issue is imminent and no other relief or compensation is available. Cunningham v. Adams, 808 F.2d 815, 821 (11th Cir. 1987).

The preliminary injunction is "an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites; [furthermore], '[t]he burden of persuasion in all of the four requirements is at all times upon the plaintiff.'" United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir.1983) (quoting Canal Authority v. Callaway,

489 F.2d 567 (5th Cir.1974)).

Plaintiff has failed to satisfy any of the requirements for the issue of injunctive relief. Consequently, it is the RECOMMENDATION of the undersigned that plaintiff's motion be **DENIED**.

### 3. *Plaintiff's Motion to Amend the Complaint (doc. 49)*

Plaintiff files this motion to amend his original complaint, again alleging interference with his legal mail, and subsequent denial of due process through the grievance procedure at the prison. However, plaintiff has failed to detail who he is attempting to add to the suit, other than a general naming of "prison officials."  It is the RECOMMENDATION of the undersigned that plaintiff's motion be **DENIED**.  Plaintiff may choose to file a new lawsuit wherein he names the officials he claims interfered with his legal mail.

### 4. *Plaintiff's Motion for Compensatory and Punitive Damages (doc. 50)*

In this motion, plaintiff wishes to add claims for compensatory and punitive damages against the named defendants.  Inasmuch as plaintiff is merely clarifying earlier claims, it is the RECOMMENDATION of the undersigned that this motion be **GRANTED** to add claims of punitive damages.

### 5.  *Plaintiff's Amended Motion (doc. 51)*

Plaintiff seeks to add Captain Tony Morris to the complaint, alleging his involvement in the intentional withholding of plaintiff's legal mail.  Again, plaintiff is attempting to bootstrap his theory of conspiracy to encompass any official at the prison who does or does not do something which plaintiff believes is violative of his constitutional rights, regardless of whether it relates back to the original complaint.  Again, plaintiff may seek to file a new lawsuit against these

defendants that he believes are interfering with his legal mail.  However, plaintiff may not use this lawsuit to continue to join any official who violates plaintiff's sensibilities.  It is the RECOMMENDATION of the undersigned that this motion be **DENIED**.

## 6. *Plaintiff's Motion to Amend the Complaint (doc. 52)*

Plaintiff files another motion to amend the complaint and add additional parties, due to a delay in receiving legal mail.  Plaintiff requests that Warden Hart and Counselor Barnes be added to the action, as they are also part of the conspiracy to retaliate against plaintiff for his exercise of his right to free speech.

It is the RECOMMENDATION of the undersigned that plaintiff's motion be **DENIED**.  Plaintiff cannot continue to add parties and claims to this lawsuit that do not relate back to the original suit; alleging a prison-wide conspiracy just to add additional claims and parties will not be allowed.  If plaintiff wishes, he may file a separate lawsuit against these individuals.  Plaintiff is cautioned against filing any more such motions just to avoid having to pay additional filing fees.  Just because these individuals work in the same institution, does not mean that the court will allow plaintiff an opportunity to continue to add parties and claims throughout the litigation of this lawsuit.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 14th day of June, 2006.

                                           //S Richard L. Hodge  
                                           RICHARD L. HODGE  
                                           UNITED STATES MAGISTRATE JUDGE

msd