# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **CLIFFORD EARL COWART,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 7:03-cv-139 (HL) |
| | : | |
| **CAPTAIN GONZALES, et al,** | : | |
| | : | |
| Defendants. | : | |

_____

# ORDER

The Recommendation of the United States Magistrate Judge (doc. # 54) filed June 14, 2006, has been read and considered and is adopted in part and rejected in part.  The objections to the Recommendation filed by Plaintiff Clifford Earl Cowart ("Cowart") (doc. # 55)  have been thoroughly read and considered.  Defendants filed no objections.  For the reasons set forth below, the Order of the Court is that Cowart's Motion to Amend (doc. # 40) is granted, his Motion for an Injunction (doc. # 48) is denied, his Motion to Amend (doc. # 49) is denied, his Motion for Compensatory and Punitive Damages (doc. # 50) is granted, his Motion to Amend (doc. # 51) is denied, and his Motion to Amend (doc. # 52) is granted.

## I.     PROCEDURAL HISTORY

Cowart is currently serving a life sentence for a conviction of murder.  He is incarcerated in the Valdosta State Prison and has filed a pro se suit under 42 U.S.C. § 1983 (doc. # 2) against various prison employees there.  Originally, Cowart alleged that prison

1

officials had (1) removed him from his position as a teacher's assistant in retaliation for his filing of grievances, (2) improperly seized religious materials from his prison cell, and (3) showed deliberate indifference to his medical needs.  On June 3, 2004, the Court sua sponte dismissed Cowart's suit, pursuant to 28 U.S.C. § 1915(e)(2), for failure to state a claim (doc. # 9).  However, the United States Court of Appeals for the Eleventh Circuit affirmed that Order in part and vacated and remanded it in part (doc. # 13).   In particular, the Eleventh Circuit dismissed Cowart's deliberate indifference claim but found his complaint sufficient to state a claim for retaliation and religious infringement.  (Id. at 9.)

Since the Eleventh Circuit remanded his claims, Cowart has filed a number of motions which are presently pending before the Court: a Motion to Amend (doc. # 40), a Motion for an Injunction (doc. # 48), a Motion to Amend (doc. # 49), a Motion for Compensatory and Punitive Damages (doc. # 50), a Motion to Amend (doc. # 51), and another Motion to Amend (doc. # 52).  The United States Magistrate Judge issued a Recommendation (doc. # 54) that addressed these Motions, and Cowart has filed Objections (doc. # 55).  Defendants filed no response to Cowart's Objections.

## II.   ANALYSIS

### A.   Plaintiff's Motion to Amend: Document # 40

Cowart filed a Motion to Amend (doc. # 40), in which he sought to add L.P.N. Gaskins ("Gaskins"), a nurse at Valdosta State Prison, to his lawsuit.  Cowart claims Gaskins was deliberately indifferent to his serious medical needs by failing to adhere to his prescribed medical treatment, specifically by refusing to honor his permanent "bottom bunk" profile.

(Id. at 1-9.)  Cowart further alleges Gaskins' actions were in retaliation for his having filed a grievance concerning the conditions of his imprisonment.  (Id. at 10.)  Finally, Cowart urges the Court to allow him to serve a supplemental pleading, pursuant to Federal Rule of Civil Procedure 15(d), setting forth these occurrences which have happened since his original complaint, since Gaskins' retaliation "relates back to the Petitioner's religious infringement issue."  (Id. at 1, 10.)

The United States Magistrate Judge recommended Cowart's Motion to Amend be denied, concluding that "[a]lthough plaintiff alleges that Gaskins is part of the conspiracy to punish him for the exercise of his constitutional right to free speech, this claim does not appear to relate back to the original complaint."  (Doc. # 54 at 2.)  Cowart objected to this finding, arguing his claim against Gaskins "accrued from and relates back to" his previous complaint that a conspiracy exists in Valdosta State Prison to retaliate against him for exercising his constitutional rights of free speech and religion.  (Doc. # 55 at 2-3.)

As the Eleventh Circuit emphasized in remanding this case, "[t]he First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech."  Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003).  "A prisoner can establish retaliation by demonstrating that the prison official's actions were the result of his having filed a grievance concerning the conditions of his imprisonment."  Id. (citation omitted).  Accordingly, Cowart has stated a valid retaliation claim because he has alleged that, subsequent to his filing an internal grievance with prison authorities, Gaskins revoked his permanent "bottom bunk" profile that he had allegedly held for a number of years.  The key

question, therefore, is whether this claim relates back to Cowart's original Complaint so that he might amend his current case or whether it does not, such that Cowart must bring a separate suit should he wish to pursue his allegations.

Rule 15(d) of the Federal Rules of Civil Procedure states that "[u]pon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d). As the Eleventh Circuit has explained, "[a] supplemental pleading is an appropriate vehicle by which to set forth new facts in order to update the earlier pleading, or change the amount or nature of the relief requested in the original pleading." Lussier v. Dugger, 904 F.2d 661, 670 (11th Cir. 1990) (quotation and citation omitted).

The plain language of Rule 15(d) places the decision of whether to grant a plaintiff leave to supplement his complaint solely in the Court's discretion. When determining whether to permit amendment a court must consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). However,

> [t]he current trend has been to permit parties to assert separate or additional claims or defenses arising after commencement [of the action], although courts typically require some relationship between the original and the later accruing material. Thus, to be permitted under the modern framework, the allegations in the supplemental pleading need not arise out of the same transaction or

4

occurrence as the allegations in the original complaint. The policy of judicial efficiency that a party should be given every opportunity to join all of his grievances against another party regardless of when they arose underlies the current, more permissive trend.

Ala. v. U.S. Army Corps of Eng'rs, 382 F. Supp. 2d 1301, 1330 (N.D. Ala. 2005) (listing Supreme Court and Eleventh Circuit cases that "illustrate courts' willingness to allow plaintiffs to supplement complaints with new claims that arise after the filing of the action when those claims are related to the claims in the original complaint") (quotations and citations omitted).

Under the facts of this case, the Court finds Cowart should be allowed to supplement his Complaint by adding Gaskins as a party defendant.[1] The Court is convinced from its review of this proposed supplemental claim that it is related to the claims in Cowart's earlier Complaint. Considerations of judicial efficiency also weigh in favor of permitting this supplementation, as requiring Cowart to file additional related lawsuits would be needlessly duplicative. Furthermore, the record is devoid of any indication of bad faith on Cowart's part. There has been no unnecessary delay, and this motion is Cowart's first attempt to supplement his Complaint. The Court does not find that granting Cowart's Motion will result in undue prejudice to Gaskins, especially given the early state of the case. Finally, the Court does not find the amendment so doomed to futility as to deny amendment on that ground at

---

[1] Cowart's motion is styled a "Motion to Amend," but he specifically directs the Court's attention to Rule 15(d). This discrepancy is irrelevant to the Court's consideration here, since it is generally agreed that the standard applicable to a motion to supplement under Rule 15(d) is the same as that to amend under Rule 15(a). See, e.g., Ala. v. U.S. Army Corps of Eng'rs, 382 F. Supp. 2d 1301, 1309 (N.D. Ala. 2005).

this time.[2]

Thus, the Court concludes Cowart may supplement his Complaint with this new claim. The Recommendation, to the extent that it denies Cowart's Motion to Amend (doc. # 40), is hereby denied, and the Motion (id.) is granted.  The Court will permit Cowart to file his Amended and Supplemental Complaint.  Cowart shall file the amended complaint within thirty (30) days of the date of entry of this Order.

### B.      Plaintiff's Motion for an Injunction: Document # 48

Cowart filed a Motion for Injunction (doc. # 48), alleging Defendants have intentionally interfered with his receipt of legal correspondence and requesting an injunction issue against Defendants to prevent similar future interference.  As to this Motion, the Court finds the United States Magistrate Judge's analysis sound and concludes Cowart's argument on this point has no merit.  Cowart has failed to satisfy his burden of persuasion to obtain injunctive relief.  As such, the Recommendation, to the extent that it denies Cowart's Motion for an Injunction (doc. # 48), is hereby accepted and made the Order of the Court.

### C.      Plaintiff's Motion to Amend: Document # 49

Cowart filed a Motion to Amend (doc. # 49) in which he sought to amend his complaint to add a claim of intentional interference with his legal mail.  As to this Motion, the Court finds the United States Magistrate Judge's analysis sound and concludes Cowart's argument on this point has no merit.  As pointed out by the United States Magistrate Judge,

---

[2] The Court makes no ruling in this Order regarding the merits of Cowart's claim.

Cowart failed to disclose any particular individual whom he wishes to add to the suit and only generally refers to the bad acts of "prison officials."[3]   The Recommendation, to the extent that it denies Cowart's Motion to Amend (doc. # 49) is hereby accepted and made the Order of the Court.

### D.      Plaintiff's Motion for Compensatory and Punitive Damages: Document # 50

Cowart filed a motion (doc. # 50) which stated he wished to add claims for compensatory and punitive damages against the named Defendants.  The United States Magistrate Judge granted the motion, noting he did so "inasmuch as plaintiff is merely clarifying earlier claims."  (Doc. # 54 at 3.)  Cowart's Objections did not dispute this statement, nor did they comment on the grant of his motion at all.  Accordingly, the Recommendation of the United States Magistrate Judge is adopted, and Cowart's Motion (doc. # 50) is granted, inasmuch as Cowart was merely clarifying earlier claims.

### E.      Plaintiff's Motion to Amend: Document # 51

Cowart filed a Motion to Amend (doc. # 51) in which he sought to add Captain Tony Morris to his Complaint for alleged withholding of Cowart's legal mail.  The United States Magistrate Judge recommended that this motion be denied (doc. # 54 at 3-4), and in his Objections, Cowart stated he "does not raise objection in striking Morris from action in

---

[3] Also, as noted by the United States Magistrate Judge, Cowart may choose to file a new lawsuit wherein he names the officials he claims interfered with his legal mail.  However, given Cowart's subsequent filing of another, similar Motion to Amend (doc. # 52) and the Court's granting of that motion in this Order, Cowart's concerns on this matter may already have been fully addressed.

complaint (doc. # 55 at 3).  Accordingly, the Recommendation, to the extent that it denies Cowart's Motion to Amend (doc. # 51) is hereby accepted and made the Order of the Court.

### F.    Plaintiff's Motion to Amend: Document # 52

Finally, Cowart filed a Motion to Amend (doc. # 52).  In his Recommendation, the United States Magistrate Judge interpreted the motion as a request that Warden Darrell Hart ("Hart") and Counselor Barnes ("Barnes") be added as Defendants in the present lawsuit, and denied it as an attempt to add additional claims and parties that did not relate back to the original suit.  (Doc. # 55 at 4.)  In his Objections, Cowart responded that it was not his intent to add Barnes as a Defendant; instead, Cowart argued his Motion just sought to add Hart, and only named Barnes to demonstrate the necessary causal connection between the inaction of a supervising official (Hart) and the alleged constitutional deprivation (by Barnes).  (Doc. # 55 at 4-5.)  Cowart further contended that the alleged interference with his mail overseen and orchestrated by Hart relates back to the principle issues raised in his original complaint—claims for retaliation and religious infringement.  (Id. at 5.)

The Court finds Cowart should be allowed to supplement his complaint by adding Hart as a party defendant.  The Court is convinced from its review of this proposed supplemental claim that it is related to the claims in Cowart's earlier Complaint. Considerations of judicial efficiency also weigh in favor of permitting this supplementation, as requiring Cowart to file additional related lawsuits would be needlessly duplicative. Furthermore, the record is devoid of any indication of bad faith on Cowart's part.  There has been no unnecessary delay, and while this motion is Cowart's third attempt to supplement

8

his Complaint, his first attempt was previously found valid in this Order and he did not object to the determination that his second attempt was improper. The Court does not find that granting Cowart's Motion will result in undue prejudice to Hart, especially given the early state of the case. Finally, the court does not find the amendment so doomed to futility as to deny amendment on that ground at this time.[4]

Thus, the Court concludes Cowart may supplement his Complaint with this new claim. The Recommendation, to the extent that it denies Cowart's Motion to Amend (doc. # 52), is hereby denied, and the Motion (id.) is granted. The Court will permit Cowart to file his Amended and Supplemental Complaint. Cowart shall file the amended complaint within thirty (30) days of the date of entry of this Order.

## III.    CONCLUSION

The Recommendation of the United States Magistrate Judge (doc. # 54) is adopted in part and rejected in part. Cowart's Motion to Amend (doc. # 40) is granted, his Motion for an Injunction (doc. # 48) is denied, his Motion to Amend (doc. # 49) is denied, his Motion for Compensatory and Punitive Damages (doc. # 50) is granted, his Motion to Amend (doc. # 51) is denied, and his Motion to Amend (doc. # 52) is granted.

Accordingly, Cowart shall file his Amended and Supplemental Complaint adding L.P.N. Gaskins and Warden Darrell Hart as Defendants to the lawsuit within thirty (30) days of the entry of this Order. This Amended and Supplemental Complaint not only should add

---

[4] Again, the Court makes no ruling in this Order regarding the merits of Cowart's claim.

Cowart's claims against Gaskins and Hart but also should restate Cowart's previous claims so that the Court and parties will have one Complaint to work with in the future. The United States Magistrate Judge shall review the Amended Complaint, and if he finds it has been properly recast,[5] he shall direct that service be made as provided by law upon said Defendants.

Finally, the Court acknowledges the concern expressed by the United States Magistrate Judge that "plaintiff may not use this lawsuit to continue to join any official who violates plaintiff's sensibilities." (Doc. # 54 at 4.) While the Court respectfully disagrees with the United States Magistrate Judge that Cowart's Motions to Amend reflect any bad faith or dilatory motive at this time, the Court wishes to echo the United States Magistrate Judge's concern that this lawsuit not become bogged down in unnecessary amendments and supplementations in the future. Cowart is urged to focus on the claims he has presented the Court and cautioned not to seek to add frivolous claims.

This matter is recommitted to the United States Magistrate Judge for such further action as may be appropriate.

SO ORDERED, this the 30th day of August, 2006.

---

[5] Previously, the United States Magistrate Judge issued an Order directing Cowart to comply with Rule 8 of the Federal Rules of Civil Procedure and recast his Complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks." (Doc. # 6 at 1.) Likewise, Cowart is instructed, when he files his Amended Complaint, to comply with Rule 8, and to heed the instructions in the January 7, 2004 Order of the United States Magistrate Judge. In particular, Cowart should note that failure to file his Amended Complaint within thirty (30) days of the entry of this Order on the docket, or to explain his inability to comply, may result in the abandonment of the two claims this Order grants him leave to supplement his Complaint to add.

s/   **Hugh Lawson**
**HUGH LAWSON, JUDGE**

pdl