IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| CLIFFORD EARL COWART, | : |
| Plaintiff, | : |
| VS. | : |
| | : 7 : 03-CV-139 (HL) |
| CAPTAIN GONZALES, et al., | : |
| Defendants. | : |

## **RECOMMENDATION**

Presently pending in this *pro se* prisoner § 1983 action are two motions to amend the complaint filed by plaintiff.

*Motion to Amend (doc. 86)*

Plaintiff files this motion to amend the complaint to add an additional defendant. Plaintiff wishes to add as a defendant Al Jones, the Medical Director at Valdosta State Prison. Al Jones was named in plaintiff's original complaint, which was filed in 2003. The District Judge to whom this case is assigned dismissed the complaint as to AL Jones, and that portion of the order was affirmed on appeal to the Eleventh Circuit Court of Appeals on March 7, 2005. The currently pending motion was filed on August 10, 2007. In th motion, plaintiff does not explain why he waited over two years after the dismissal of Al Jones was affirmed on appeal to attempt to add him back into the lawsuit under plaintiff's theory of a continuing conspiracy to deprive him of his constitutional rights.

Plaintiff contends that Jones was put on notice of his original allegations by virtue of plaintiff filing grievances and then failing to take any action to correct the retaliation and denial of adequate medical care for repeated urinary tract infection, removal of several of his medical

profiles, and various problems with his medications, as well as new allegations from 2007 regarding his soft shoes (due to a soft shoe profile) getting wet on rainy days, and that he wanted new shoes to wear on rainy days so his feet would not get wet.

Plaintiff has filed numerous motions to add parties and claims in this action, some of which have been granted. However, to add a party at this late juncture in this case would unduly prejudice Al Jones and the other defendants who are attempting to fully litigate this action. Further, plaintiff's lack of an adequate explanation as to why he waited over two years to add this defendant to this lawsuit does not justify adding the defendant when this case has been pending for almost four years.

Therefore, it is the RECOMMENDATION of the undersigned that plaintiff's motion to add Al Jones as a party defendant be **DENIED**.

*Motion to Amend (doc. 91)*

Plaintiff files this motion to amend his complaint, but then does not specify what amendments he wishes to make. Plaintiff references the Religious Land Use and Institutionalized Persons Act of 2000, but does not specify what portions of the act are applicable and in what way to the events of which he complains in his original and amended complaints. Therefore, it is the RECOMMENDATION of the undersigned that this motion be **DENIED**, but that plaintiff may file a motion to amend the complaint that specifies in more detail how this regulation or law applies to his allegations.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 27th day of November, 2007.


                                     //S Richard L. Hodge
                                     RICHARD L. HODGE
                                     UNITED STATES MAGISTRATE JUDGE

msd