IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

CLIFFORD EARL COWART,　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　Plaintiff,　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　VS.　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:　　　7 : 03-CV-139 (HL)
CAPTAIN GONZALES, et al.,　　　　　　 :
　　　　　　　　　　　　　　　　　　　　　:
　　　　　Defendants.　　　　　　　　　　:

## **RECOMMENDATION**

Presently pending in this *pro se* prisoner 42 U.S.C. § 1983 action are several motions filed by plaintiff.

*1. Plaintiff's Motion for Medical Examination (doc. 95)*

In this motion, plaintiff requests an independent medical examination to further support his claims of deliberate indifference to his various serious medical needs, specifically to determine if plaintiff has a urinary tract infection or any other disease detectable by blood tests that may require medical care. Apparently, plaintiff is complaining that he is subject to too **much** medical attention, as defendants want to send him to see a specialist at Augusta State Medical Prison. Plaintiff refused the trip, contending that the drive was too arduous for his back, hernia, and arthritis, and he did not see the necessity of going there to see if he had a urinary tract infection. Plaintiff also contends that the frequent calls to medical are unnecessary and are conducted for the purpose of harassing him.

Because it is difficult to determine exactly why plaintiff is requesting this medical examination, the undersigned has determined that the proper analysis should be one for a protective order or injunctive relief, as plaintiff is claiming he is receiving too much medical attention.

In order to obtain injunctive relief, a plaintiff must prove that: 1) there is a substantial likelihood

that he will prevail on the merits; 2) he will suffer irreparable injury unless the injunction issues; 3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and 4) the injunction, if issued, would not be adverse to the public interest. Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985); Snook v. Trust Co. of Georgia Bank of Savannah, N.A., 909 F.2d 480, 483 (1990). Injunctive relief will not issue unless the conduct at issue is imminent and no other relief or compensation is available. Cunningham v. Adams, 808 F.2d 815, 821 (11th Cir. 1987).

The preliminary injunction is "an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites; [furthermore], '[t]he burden of persuasion in all of the four requirements is at all times upon the plaintiff.'" United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir.1983) (quoting Canal Authority v. Callaway, 489 F.2d 567 (5th Cir.1974)).

Plaintiff clearly has not met his burden of persuasion as to the four prerequisites that would justify a protective order or other injunctive relief.

The claims regarding the extra medical attention also occurred after the last defendants, Hart and Gaskins, were added to the case. Plaintiff has not been granted leave by the court to add any additional claims against Hart and Gaskins that may have arisen after they were joined in this lawsuit that are mentioned in plaintiff's motion for medical examination.

Additionally, this motion was filed prior to the district judge's order (doc. 99) adopting the recommendation (doc. 92) of the undersigned to decline to add Al Jones, the Medical Director at Valdosta State Prison, as a party defendant in this action. It appears that this issue is also now mooted by the order denying plaintiff's motion to add Al Jones.

It is therefore the RECOMMENDATION of the undersigned that plaintiff's motion for medical examination and protective order be **DENIED**.

## 2. *Plaintiff's Motion to Amend/Correct (doc. 96)*

In this motion, plaintiff seeks to clarify an earlier motion to amend his complaint to add a count under the "Religious Land Use and Institutionalized Persons Act of 2000" 42 U.S.C. § 2000cc-1(a)1. Plaintiff alleges that the seizure of his religious materials and defendants' interference violated both his constitutional rights and his rights under the Religious Land Use and Institutionalized Persons Act of 2000.

Section 3 of RLUIPA "applies strict scrutiny to government actions that substantially burden the religious exercise of institutionalized persons: No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, ... even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person-(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest. 42 U.S.C. § 2000cc-1.

This action has been pending since 2003. Plaintiff has frequently and persistently attempted to add new parties and new causes of action to his original complaint. Plaintiff does not explain why he waited almost five years to attempt to add this additional cause of action against the current defendants. Therefore, it is the RECOMMENDATION of the undersigned that plaintiff's motion to add a claim under this act be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of

receipt thereof.

**SO RECOMMENDED**, this 16th day of May, 2008.

                                                  //S Richard L. Hodge
                                                  RICHARD L. HODGE
                                                  UNITED STATES MAGISTRATE JUDGE

msd