IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

CLIFFORD EARL COWART,  :
:
      Plaintiff,  :
:
  VS.  :
:     7 : 03-CV-139 (HL)
:
CAPTAIN GONZALES, et al.,  :
:
      Defendants.  :

**RECOMMENDATION**

Presently pending in this *pro se* prisoner 42 U.S.C. § 1983 action is a motion for summary judgment filed on behalf of defendants Hart and Gaskins (doc. 103).

In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Welch v. Celotex Corp., 951 F.2d 1235 (11th Cir. 1992)(citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

When the nonmoving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the nonmoving party's claim, or by pointing to specific portions of the record which demonstrate that the nonmoving party cannot meet its burden of proof at trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-608 (11th Cir. 1991).

The existence of material disputed facts will not defeat summary judgment in favor of a public

official, however, when the plaintiff "fails to make a showing sufficient to establish the existence of an element essential to [plaintiff's] case, and on which [plaintiff] will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322-23, 106 S.Ct. at 2552. Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

### 1. *Qualified Immunity*

Defendant Hart asserts that he is entitled to the defense of qualified immunity for the actions of which plaintiff's complains.

As to defendant Hart, plaintiff complains that Hart is part of an overall conspiracy to deprive plaintiff of his constitutional rights. Plaintiff's complaint as to Hart centers around the allegation that Hart did not afford the plaintiff proper redress for a particular grievance regarding alleged interference with the plaintiff's legal mail, and declined to conduct an investigation into the interference with the plaintiff's legal mail.

Defendant Hart's motion for summary judgment relates solely to plaintiff's allegations that Hart did not adequately investigate a single, particular grievance filed by the plaintiff alleging interference with the plaintiff's legal mail, occurring from the time period of March 2006 through May 2006. (Amended Complaint doc. 68).

Specifically, plaintiff states that on or about March 6, 2006, the Valdosta Division of this Court

2

allegedly mailed plaintiff unspecified legal correspondence; however, plaintiff states that he did not receive such mail until March 20, 2006–it is this alleged two week delay in the mail which plaintiff claims to be intentional interference. (Doc. 94). Plaintiff states that he complained about this issue in a grievance, grievance no. 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, and was interviewed by prison staff members in the investigation of such grievance. (Doc. 94).

There is no dispute by the plaintiff that he ultimately received the alleged mail. Plaintiff takes issue with Hart's grievance determination as made on May 19, 2006, in which Hart found that there was no merit to plaintiff's claim of intentional interference. In the grievance response itself, Hart stated that he was unfamiliar with the "Valdosta Division," but that it "is not unusual for an item of mail to take two weeks to reach its destination." (Doc. 94; Doc. 104, Grievance No. 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, Exhibit D; Affidavit Hart, Exhibit C).

Plaintiff further states that he appealed grievance no. 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, and that the grievance determination of Hart was found to be appropriate. (Doc. 94).

The Supreme Court in <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1992), held that the complaint must be dismissed whenever a defendant asserts the defense of qualified immunity unless the plaintiff is able to demonstrate that the legal norms allegedly violated by the defendant were violations of clearly established constitutional rights. In fact, the Eleventh Circuit has provided more guidance in another § 1983 case in stating that qualified immunity can be stripped only when all reasonable government actors in the defendant's place would know that the discretionary conduct in question violated federal law. <u>Adams v. Poag</u>, 61 F.3d 1537 (11 th Cir. 1996).

Once properly asserted, there is entitlement to qualified immunity if either (1) the applicable law was not clearly established at the time of the alleged violation, or (2) plaintiff fails to demonstrate

3

the existence of genuine issues of material fact as to whether the official's actions violated the clearly-established law. Rich v. Dollar, 841 F.2d 1558, 1564 (11th Cir. 1988).

The Eleventh Circuit has held that in order to overcome the defense of qualified immunity, the plaintiff "must show that defendants violated [plaintiffs'] clearly established federal rights and that every reasonable officer faced with the circumstances facing these defendants would have known that defendants' acts were unlawful." Hansen v. Soldenwagner, 19 F.3d 573, 575 (11th Cir. 1994).

Once an officer or official has raised the defense of qualified immunity, the burden of persuasion as to that issue is on the plaintiff. See, e.g., Suissa v. Fulton County, 74 F.3d 266, 269 (11th Cir.1996); Barnette v. Folmar, 64 F.3d 598, 600 (11th Cir.1995); Lassiter v. Alabama A & M Univ., 28 F.3d 1146, 1150 n. 3 (11th Cir.1994).

Defendant Warden Hart has submitted an affidavit, stating that part of his duties include investigating allegations contained in grievances filed at Valdosta State Prison. He states that plaintiff filed grievance 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 regarding the two week period between the time an item of legal mail was mailed and the time plaintiff received the mail. Hart states that he obtained a statement from the mail room officer and did not find any evidence of an intentional delay by staff members in delivering plaintiff's mail. (Doc. 104, Hart Aff.).

Defendant Hart has established that he was acting within the scope of his authority at the time he considered plaintiff's grievance. Plaintiff has not come forward to show that Hart's actions relative to the consideration and resolution of plaintiff's grievance was itself a violation of clearly established law.

It appears to the undersigned that defendant Hart is entitled to qualified immunity as to the specific allegations of his alleged failure to adequately investigate or address the one grievance 537-

06-0097, and is thus entitled to summary judgment in part.

However, in his response to the motion for summary judgment (doc. 109), plaintiff states that this is not the only claim he has against defendant Hart, but instead seeks to hold him responsible for the alleged pattern of retaliation by prison officials for plaintiff's exercise of his constitutional rights and by using the grievance procedure to deprive plaintiff of his constitutional rights. Plaintiff further alleges that defendant Hart ratified and approved various violations of plaintiff's constitutional rights by denying plaintiff's grievances.

As pointed out by plaintiff, defendant Hart's motion for summary judgment did not specifically address retaliation or being part of the conspiracy to retaliate against plaintiff. Other than one statement in his affidavit that he did not retaliate against plaintiff, defendant Hart does not address this issue. Consequently, it is the RECOMMENDATION of the undersigned that defendant Hart's motion for summary judgment be **GRANTED in part and DENIED in part** without prejudice to Hart's right to refile a motion for summary judgment that specifically addressed plaintiff's allegations of retaliation and conspiracy.

2. *Failure to Exhaust*

Defendant Gaskins asserts that plaintiff failed to exhaust his administrative remedies.

In his amended complaint, plaintiff alleges that L.P.N. Gaskins was deliberately indifferent to his serious medical needs. Gaskins is a nurse at Valdosta State prison, and plaintiff claims Gaskins was deliberately indifferent to his serious medical needs by failing to follow through with prescribed medical treatment. Plaintiff states that Gaskins failed to follow his bottom bunk profile, despite his age of 64 years, his history of back and arthritic problems, and despite a permanent profile for such bottom bunk. Plaintiff states that the systemic move from paper documented profiles to a new

computer system resulted in his profile being deleted. He was informed to go to medical to re-establish his profile.

In January and February of 2004, plaintiff attempted to get the medical department to re-issue his bottom-bunk profile. Plaintiff was told by R.N. Mosely that L.P.N. Gaskins had denied his bottom bunk profile, and such was confirmed during the course of the filing of his grievance. Plaintiff's bottom-bunk profile was finally re-established in January of 2005, over one year after his having raised the issue with the medical department.

Defendant has submitted the affidavit of Gail Knowles (doc. 104), who is the Administrative Assistant at Valdosta State Prison, and as such, is responsible for maintaining records of grievances filed at Valdosta State Prison. According to her affidavit, within the Georgia Department of Corrections, inmates have a administrative grievance process whereby an inmate can bring forth any complaints against any officer/staff member or any other complaint whatsoever, including but not limited to any complaint regarding an inmate's property, including mail related issues. (Exhibit A, para. 3; Exhibit C, para 3). The inmate may request a grievance form, and the grievance is subsequently investigated by or on behalf of the Warden. (Ex. A, para. 3; Exhibit C, para. 3). The Warden will subsequently respond to the Inmate's complaint. If the Inmate is satisfied with the Warden's response, no further action is taken. If the Inmate is not satisfied, the Inmate may appeal the Warden's decision to the Georgia Department of Corrections Inmate Appeals Unit, which Unit investigates and makes the final ruling on any complaint at the administrative level. (Ex. A, para 3; Exhibit C, para. 3). Thus, an inmate has exhausted his administrative remedies when his complaint has been finally ruled upon by the Inmate Appeals Unit.

Plaintiff filed a grievance, but admits that the grievance at issue "was not appealed to inmate

affairs for review to exhaust administrative remedies." (Doc. 87). Plaintiff's admission is further corroborated by the Affidavit from Assistant Gail Knowles, attached as Exhibit A. (Exhibit A, para. 4-5), which states that grievance 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 was denied at the institutional level, but was not appealed to the administrative level. Plaintiff does not specifically address the motion for summary judgment as to defendant Gaskins in his response to the motion for summary judgment (doc. 109).

42 U.S.C.§ 1997e(a) of the PLRA mandates that "no action shall be brought" by a prisoner under any federal law until the prisoner has exhausted all "administrative remedies as are available," as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

Alexander v. Hawk, 159 F.3d 1321, 1324 (11th Cir. 1998).

Plaintiff has not satisfied the exhaustion requirement of § 42 U.S.C. 1997(e). The clear mandate of Alexander v. Hawk is that a prisoner must exhaust the remedies available under an administrative remedy program before filing an action such as this. Given these circumstances, the undersigned believes that dismissal is mandated for failure to exhaust administrative remedies.

The court must follow the dictates of circuit law. This circuit, in interpreting the PLRA, has determined that exhaustion is now a pre-condition to suit, and the courts can no longer simply waive those requirements where it is determined the remedies are futile or inadequate. Alexander v. Hawk, 159 F.3d 1321, 1326 (11th Cir. 1998); Harper v. Jenkin, supra.

Therefore, it is the RECOMMENDATION of the undersigned that defendant Gaskins' motion for summary judgment be **GRANTED** and that she be dismissed from this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 6th day of August, 2008.

    //S Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

msd