IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| CLIFFORD EARL COWART, | : |
| Plaintiff, | : |
| VS. | : |
| | :    **7 : 03-CV-139 (HL)** |
| CAPTAIN GONZALES, et al., | : |
| Defendants. | : |

## RECOMMENDATION

Presently pending in this *pro se* prisoner 42 U.S.C. § 1983 action is a motion for summary judgment filed on behalf of defendant Hart (doc. 103). Defendant Hart is the only remaining defendant in this action.

The undersigned previously recommended that defendant Hart be granted partial summary judgment (see Doc. 127, and the order of the district judge adopting same Doc. 128). However, because defendant Hart did not address all of the issues raised by plaintiff in his original and supplemental complaints, defendant Hart subsequently filed the motion for summary judgment herein.

Defendant Hart's first motion for summary judgment relates solely to plaintiff's allegations that Hart did not adequately investigate a single, particular grievance filed by the plaintiff alleging interference with the plaintiff's legal mail, occurring from the time period of March 2006 through May 2006. (Amended Complaint doc. 68). Specifically, plaintiff stated that on or about March 6, 2006, the Valdosta Division of this Court allegedly mailed plaintiff unspecified legal correspondence; however, plaintiff states that he did not receive such mail until March 20, 2006–it is this alleged two week delay in the mail which plaintiff claims to be intentional interference. (Doc.

94).  There is no dispute by the plaintiff that he ultimately received the alleged mail. Plaintiff complained of Hart's grievance determination as made on May 19, 2006, in which Hart found that there was no merit to plaintiff's claim of intentional interference.  (Doc. 94; Doc. 104, Grievance No. 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, Exhibit D; Affidavit Hart, Exhibit C).   The undersigned found no merit to plaintiff's claims regarding the manner in which this particular grievance was handled by defendant.

However, plaintiff seeks to hold Hart responsible for the alleged pattern of retaliation by prison officials for plaintiff's exercise of his constitutional rights and for using the grievance procedure to deprive plaintiff of his constitutional rights.  Plaintiff further alleges that defendant Hart ratified and approved various violations of plaintiff's constitutional rights by denying plaintiff's grievances.  It is the allegations of retaliation that are addressed in the current motion for summary judgment.

In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party.  Welch v. Celotex Corp., 951 F.2d 1235 (11th Cir. 1992)(citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).  However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

When the nonmoving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the nonmoving party's claim, or by pointing to specific portions of the record which demonstrate that the nonmoving party cannot meet its burden of proof at trial.  Clark v. Coats & Clark, Inc., 929 F.2d

604, 606-608 (11th Cir. 1991).

The existence of material disputed facts will not defeat summary judgment in favor of a public official, however, when the plaintiff "fails to make a showing sufficient to establish the existence of an element essential to [plaintiff's] case, and on which [plaintiff] will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322-23, 106 S.Ct. at 2552. Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

In his original and amended complaints, plaintiff alleges that defendants Captain Gonzales and Sergeant Payne illegally seized unspecified religious material from plaintiff's cell on December 13, 2001, and subsequently defendant Philbin, the Deputy Warden of Care and Treatment, had such religious materials destroyed.

Plaintiff states that he filed grievance no. 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 for the alleged illegal seizure of his religious materials. Plaintiff states that defendant Philbin refused to allow the religious materials to be removed from prison storage and released to friends of plaintiff to prevent the destruction of the materials. As a result of the destruction of the religious material, plaintiff filed grievance no. 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.

Plaintiff states the defendant counselor Flowers informed him that grievance no. 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 regarding the seizure of the materials had been denied, but failed to forward plaintiff's supporting

documents with the appeal of such grievance. Plaintiff alleges he then filed grievance no. 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 to retrieve such supporting documentation.

Plaintiff alleges that defendant Dunaway, an investigator with the appeals unit of inmate affairs and appeals, interviewed plaintiff about grievance no. 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 regarding the seizure of the religious materials on January 18, 2002. Plaintiff alleges that defendant Dunaway "tricked" him into signing a waiver of the grievance, but plaintiff admits he did not read the release form prior to signing it.

Plaintiff alleges that defendant counselor Wade (a/k/a Kendrick) submitted the paperwork that removed plaintiff from his GED class in retaliation for the grievances that plaintiff submitted against these other defendants, and that defendant Captain Gonzales participated in the removal. In support of this allegation, plaintiff states that he was removed from the class shortly after he filed the grievances. Plaintiff states he was told by an unspecified individual on January 8, 2002, that defendant Wade was "mad about a second grievance" and had requested that Ms. Battles (the GED teacher) or Mr. Donahue (a special education teacher) do the paperwork to have plaintiff removed from the GED class.

Plaintiff also alleges that religious materials that had been sent to him through the mail were withheld from him. Specifically, plaintiff states that on May 13, 2002, defendant Officer Price refused to give plaintiff a bible study course that had come in the mail. As a result, plaintiff filed grievance no. 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. Plaintiff alleges that defendant investigator Faust interviewed the plaintiff about the grievance on July 12, 2002, and somehow "coerced, intimidated, and caused [plaintiff] to be concerned for his safety and well-being by drawing [plaintiff's] attention to things that could happen to inmates in a prison environment who caused trouble by raising issues that are

4

not in the State's best interest."

It is for these alleged acts of retaliation that plaintiff seeks to hold defendant Hart liable. Plaintiff has filed some 61 pages of argument and supporting exhibits in opposition to defendant's motion for summary judgment. Plaintiff states that defendant Hart failed to use his experience and authority in the inmate grievance process to stop the various acts of retaliation carried out by other defendants, and in effect ratified and endorsed the various above acts of alleged retaliation against plaintiff by failing to find that plaintiff's grievances were substantiated. (Doc. 140)

Plaintiff points out as evidence the response by defendant Hart to one of plaintiff's grievances as evidence that defendant is part of the conspiracy. Plaintiff had filed a grievance regarding a two-week delay in receiving legal mail mailed from the Valdosta Division of the Middle District of Georgia. Warden Hart wrote that he was not familiar with the Valdosta Division, but that it is not unusual for mail to take up to two weeks for delivery. Plaintiff seeks to point out that surely Warden Hart knew of the Valdosta Division as it is within five miles of the prison. Plaintiff further states that the nine formal grievances he filed put Hart on notice as to the unconstitutional acts of his subordinates that he had the duty to correct.

A prisoner must allege more than his personal belief that he is the victim of retaliation. Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir.1997). Conclusory allegations of retaliation are insufficient. Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir.1995); Bennett v. Goord, 343 F.3d 133, 137 (2nd Cir.2003) (because prisoner retaliation claims are prone to abuse, "we are careful to require non-conclusory allegations.").

The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech." Farrow v. West, 320 F.3d 1235, 1248 (11th Cir.2003). "It is an established

principle of constitutional law that an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's administrators about the conditions of his confinement." Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir.2008). To prevail on an action alleging that prison officials retaliated against an inmate for making such complaints, the inmate must establish the following: "(1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the administrator's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech. *Id.*

Assuming without deciding that plaintiff has satisfied the first two prongs of the retaliation analysis as summarized above[1], plaintiff cannot prove the third prong in the face of the evidence submitted by defendant.

The causal connection inquiry asks whether defendant was subjectively motivated to discipline because the prisoner complained of some of the conditions of his confinement. Smith at 1278; Thaddeus-X v. Blatter, 175 F.3d 378, 399 (6th Cir. 1999). The Eleventh Circuit followed the reasoning in Thaddeus-X by finding that most courts resolve this subjective motivation issue under the Mt. Healthy burden-shifting formula. Id. at 399 n. 14. See generally Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). At a trial held under the Mt. Healthy formula,

> [o]nce the plaintiff has met his burden of establishing that his protected conduct was a motivating factor behind any harm, the burden of production shifts to the defendant. If the defendant can show that he would have taken the same action in the absence of the protected

---

[1] As a practical matter, it would appear that plaintiff was not at all deterred from filing grievances by defendant's alleged retaliation as is evidenced by the plethora he has in fact filed.

activity, he is entitled to prevail on [his motion for judgment as a matter of law or prior to trial on] summary judgment.

Thaddeus-X, 175 F.3d at 399 (citation omitted).  Smith at 1278.

Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources." Turner v. Safley,  482 U.S. 78, 84-85, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). Prison officials are therefore "accorded latitude in the administration of prison affairs." Cruz v. Beto,  405 U.S. 319, 321, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972). This latitude includes "the withdrawal or limitation of many [inmate] privileges and rights." Pell v. Procunier, 417 U.S. 817, 822, 94 S.Ct. 2800, 2804, 41 L.Ed.2d 495 (1974) (quotation marks and citation omitted). This means that an inmate's First Amendment right to free speech is not protected if affording protection would be inconsistent with the inmate's "status as a prisoner or with the legitimate penological objectives of the corrections system." *Id.*

The question for the court  becomes whether a reasonable fact finder, a jury, would have to find that the defendants would have taken the adverse action against plaintiff "even in the absence of the protected conduct," i.e., the submission of grievances. Mt. Healthy, 429 U.S. at 287, 97 S.Ct. at 576; Thaddeus-X, 175 F.3d at 388 n. 4.  Smith at 1279.

The undersigned has previously determined that all of the other defendants are entitled to summary judgment either because plaintiff failed to exhaust administrative remedies or on the merits of the allegations.  Plaintiff has done nothing more than to reiterate his allegations and conclusions that he is the victim of retaliation.  As discussed at length in the previous recommendation, plaintiff was removed from the GED classes because he had already received his GED several years before.

A prisoner must allege more than his personal belief that he is the victim of retaliation. Johnson v. Rodriguez,  110 F.3d 299, 310 (5th Cir.1997). Conclusory allegations of retaliation are

insufficient. Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir.1995); Bennett v. Goord, 343 F.3d 133, 137 (2nd Cir.2003) (because prisoner retaliation claims are prone to abuse, "we are careful to require non-conclusory allegations.").

Despite the voluminous nature of plaintiff's filings, he has not done more than make conclusory allegations that defendant Hart retaliated against plaintiff by failing to substantiate plaintiff's numerous and various grievances.

Defendant Hart has submitted affidavits in support of both of his motions for summary judgment, detailing the steps he took to investigate plaintiff's numerous grievances. And denying any conspiracy or any retaliatory motive on his part. (Doc. 104, Hart Aff., Doc. 134). It appears to the undersigned that defendant Hart is entitled to summary judgment.

Consequently, it is the RECOMMENDATION of the undersigned that defendant Hart's motion for summary judgment be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 2nd day of July, 2009.

                                              //S Richard L. Hodge
                                              RICHARD L. HODGE
                                              UNITED STATES MAGISTRATE JUDGE

msd